**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4332**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHARLES RONALD LOCKLEAR, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:11-cr-00067-F-1)

Submitted: January 28, 2013      Decided: March 14, 2013

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Locklear, Jr., pled guilty, pursuant to a written plea agreement, to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 195 months' imprisonment. On appeal, his counsel raises two arguments: (1) the district court erred in denying his motion to suppress evidence, and (2) his guilty plea was unknowing and involuntary and, therefore, the district court erred in denying his motion to withdraw his guilty plea. Locklear has also filed a pro se supplemental brief raising additional issues. For the reasons that follow, we affirm.

On the morning of October 2, 2010, officers from Robeson County, North Carolina, responded to a 911 report of a shooting near Locklear's residence and identified Locklear as one of those involved in the shooting incident. Deputy Dwayne Leggett arrived at Locklear's residence to find Locklear sitting on his front porch, asleep, with a black .22 caliber rifle laying across his lap. After confirming that Locklear was a convicted felon, Leggett seized the firearm and placed Locklear under arrest.

Locklear filed a motion to suppress, which was denied. The district court found that Leggett's observation of the rifle did not amount to a search and that his brief investigative detention of Locklear was reasonable. The court concluded that

2

Locklear "did not manifest a reasonable expectation of privacy when he visibly possessed a gun while sitting on the front porch of his house."

Locklear subsequently pled guilty, pursuant to a written plea agreement, in which he agreed:

> c. To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guidelines range that is established at sentencing. . .

The plea agreement was unconditional; it did not preserve Locklear's right to appeal the denial of his suppression motion. Approximately two months later, Locklear moved to withdraw his plea. The district court denied the motion.

At sentencing, the district court determined that Locklear's adjusted offense level was 30 and his criminal history category was VI, resulting in an advisory Guidelines range of 168 to 210 months' imprisonment. However, because Locklear qualified as an armed career criminal, 18 U.S.C. § 924(e) (2006), he was subject to a mandatory minimum of 180 months; therefore, his Guidelines range became 180 to 210 months' imprisonment. The court denied the Government's motion for an upward departure, as well as Locklear's motion for a downward departure, and imposed a within-Guidelines sentence of 195 months' imprisonment. Locklear noted a timely appeal.

3

Locklear first challenges the validity of his guilty plea and the district court's denial of his motion to withdraw the plea. After a review of the record, we conclude that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Locklear's guilty plea. During the plea hearing, the district court informed Locklear of the nature of the charges and maximum penalties he faced, all of the rights he was giving up by pleading guilty, that there was a factual basis for the plea, and ensured that Locklear was competent and entering his plea voluntarily. The court also specifically questioned Locklear with respect to his understanding of the appellate waiver provision. Nevertheless, Locklear asserted, in his motion to withdraw his guilty plea, that he erroneously believed he had reserved the right to appeal the denial of his suppression motion.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). After reviewing the factors used to consider whether a defendant has shown a fair and just reason for withdrawing his guilty plea, we conclude that the district court did not abuse its discretion in denying Locklear's motion. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Further, an unconditional guilty plea generally waives all antecedent, nonjurisdictional issues. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Fields v. Att'y Gen., 956 F.2d 1290, 1294-95 (4th Cir. 1992); see United States v. White, 366 F.3d 291, 299 n.6 (4th Cir. 2004). The right to challenge on appeal a Fourth Amendment issue raised in a motion to suppress is a nonjurisdictional defense and thus is forfeited by an unconditional guilty plea. Haring v. Prosise, 462 U.S. 306, 320 (1983). Therefore, having concluded that Locklear's unconditional guilty plea was valid, we find that he has waived his right to appeal the denial of his motion to suppress.

Locklear has filed a motion to submit a supplemental pro se brief in which he seeks to raise three additional challenges to his conviction and sentence. Although we grant the motion to file the supplemental brief, we find the claims raised therein without merit. First, Locklear's ineffective assistance claims are not cognizable on direct appeal. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), in order to promote sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1

5

(4th Cir. 2010).  Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we find that these claims should be raised, if at all, in a § 2255 motion.

Locklear's claims regarding his sentence are foreclosed by the waiver in his plea agreement.  A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006).  United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).  We review the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver.  Id. at 169.  To determine whether a waiver is knowing and intelligent, we examine "the background, experience and conduct of the accused."  United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks omitted).  Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver and was not denied effective assistance of counsel, the waiver is valid.  United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).  Our review of the record leads us to

conclude that Locklear knowingly and voluntarily waived the right to appeal his sentence and that the issue he seeks to raise regarding application of the Armed Career Criminal enhancement is within the scope of the waiver. Finally, Locklear's additional arguments challenging the denial of his motion to suppress evidence are waived. See Tollett 411 U.S. at 267.

Accordingly, we affirm Locklear's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7